RECEIVED
MAR 25 2008
JEFFERSON COUNTY
CIRCUIT COURT

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, WEST VIRGINIA

JOSETTA GLADNEY, CHERYL WILFONG,
RUTH JOHNSON, AMY CAWTHORN,
and DAVID McCAULEY,
individually and as class members,

      Plaintiffs,

V.                            CIVIL ACTION NO.: 08-C-116

AB&C GROUP, INC., a corporation,
RELIANT EQUITY INVESTORS, LLC., a limited
liability company, BLUESKY BRANDS, INC., a
corporation, ROBERT PULCIANI, PHILIP WAX,
CHRISTOPHER STEVENS, CARR PRESTON,
QIAN ELMORE, THOMAS DARDEN, JR., LARRY
MORGAN, CATHY JO VAN PELT, and
KIMBERLY MYERS,

      Defendants.

## COMPLAINT

1. Plaintiffs are residents of the State of West Virginia.

2. On information and belief,

    (a) defendant AB&C Group, Inc.("AB&C") is a corporation. incorporated under the laws of the commonwealth of Virginia.

    (b) defendant Reliant Equity Investors, L.L.C. ("Reliant") is a limited liability company incorporated under the laws of the State of Delaware.

    (c) defendant BlueSky Brands, Inc. ("BlueSky") is a corporation incorporated under the laws of the state of Delaware.

    (d) defendants Robert Pulciani, Philip Wax, Christopher Stevens, Carr Preston, Qian Elmore, Thomas Darden Jr., Larry Morgan, Cathy Jo Van Pelt and Kimberley Myers, are managerial employees and/or officers of defendants AB&C, Reliant, and BlueSky. All or some of these defendants are believed to be residents of West Virginia.

3. On information and belief, defendants AB&C, Reliant and BlueSky ("defendant

1

EXHIBIT A

March 25, 2008  Jefferson County         From: 304   To: 2630739   Page: 6/20   Date: 4/1/2008 10:36:26 AM

corporations") were the employers of the plaintiffs at its business premises and operations in Jefferson and Berkeley Counties, West Virginia.

4. AB&C is the alter ego of BlueSky and Reliant..

5. On information and belief, defendants Pulciani, Wax, Stevens, Preston, Elmore, Darden, Morgan and Myers were managerial and administrative employees of defendants AB&C, Reliant and BlueSky. Plaintiffs further believe that some of these defendants were officers of the defendant corporations.

6. Through March 14, 2008, plaintiffs were employed in West Virginia by the defendant corporations and earned wages and salaries for work and services performed in West Virginia through March 14, 2008.

7. On or about March 14, 2008, plaintiffs' employment was terminated by the defendant corporations.

8. On March 14, plaintiffs were due to them payment for work and services performed prior to March 14, 2008. The regular pay date for the payment of wages was March 14, 2008. Said pay date was for the payment of wages for work performed up to March 8, 2008. Work was performed subsequent to that date for which wages would have been regularly paid on March 28, 2008.

9. Defendant corporations failed and refused to pay the plaintiffs their wages due on March 14, 2008 and those wages due for work performed subsequent to March 14, 2008.

10. Through the date of the filing of this complaint, plaintiffs have not been paid their wages due within seventy-two hours of their date of discharge from employment, in violation of West Virginia Wage Payment and Collection Act, West Virginia Code §§ 21-1-1 et seq.

11. On information and belief, the plaintiffs have personal property on the premises of AB&C and have not been able to retrieve or recover possession of that property.

12. Plaintiffs are due and payable from the defendant corporations wages for leave time hours.

13. On information and belief, plaintiffs claim that the defendant corporations have not paid their federal and state withholding taxes to the proper governments, have not paid their health and life insurance premiums, have not paid garnishments, and not made the contractual payments

This fax was sent with GFI FAXmaker fax server. For more information, visit: http://www.gfi.com

to their retirement fund.

14. Plaintiffs believe that some of all of the funds that would have been used to pay plaintiffs' wages and other personnel related expenses were misappropriated by the officers of the defendant corporations. Plaintiffs assert that the defendant corporations and the defendant officers and employees engaged in a fraudulent scheme to deprive the plaintiffs of their wages and benefits due and owing. Plaintiffs are not able at this instance to plead fraud specifically as required by Rule of Civil Procedure 9, but will move to amend this complaint under Rule 15 upon completion of discovery; such discovery is expect to disclose the scope and extent of such fraud.

15. Plaintiffs have suffered emotional distress as a result of the trauma of suddenly not receiving their regularly scheduled wages. Some plaintiffs have suffered severe economic distress and loss due to their inability to make rent, debt and utility payments.

16. On information, plaintiffs believe that some 375 employees of the defendant corporations were owed wages and benefits as of March 14, 2008.

17. Plaintiffs bring this action as a class action under Rule of Civil Procedure 23. The claims of the plaintiffs are typical of all of the claims of the other former employees. Because of the numerosity of affected employees, plaintiffs believe that it is impracticable to join all affected members except in a class action.

### Demand for Jury Trial

18. Plaintiffs demand a trial by jury on all factual issues.

### Prayer for Relief

Plaintiffs pray that the court award the following relief:

(a) That the court pierce the corporate veil of defendants Reliant and BlueSky and find and conclude that all three defendant corporations are liable to the plaintiffs for their losses and damages;

(b) Appoint a commissioner under Rule of Civil Procedure 53 to determine the amount of wages and other payments due and owing to the plaintiffs and also to reconcile the monetary losses suffered by each plaintiff due to non-payment of wages;

(c) That the court order the payment of accrued and unpaid wages in an amount to be

3

determined by the commissioner;

(d) Award monetary damages to the plaintiffs to compensate them for emotional distress suffered by the defendant corporations' misconduct;

(e) Set-aside any preferential transfers of money and property made by the defendant corporations and their officers and employees that maybe found to be the fruits of fraud against the plaintiffs;

(f) Appoint a special receiver under Rule of Civil Procedure 66 and West Virginia Code §§ 53-6-1 et seq. to sequester the West Virginia premises and property of the defendant corporations to secure the assets against further loss and/or misappropriation, and to secure the assets for liquidation of the plaintiffs' claims;

(g) Certify class action status to the plaintiffs and appoint class representatives.

Plaintiffs limit their claim for compensation, damages, costs, expenses and attorney fees to less that $5,000,000.00 and will urge the court to remit any amounts above $5,000,000.00 that may be recovered.

JOSETTA GLADNEY, et al
By Counsel

_____
Paul G. Taylor, Esquire
LAW OFFICES OF PAUL G. TAYLOR, PLLC
WV State Bar No. 5874
134 West Burke Street
Martinsburg, WV 25401
(304) 263-7900
(304) 263-5545 (fax)

From: 304   To: 2630739   Page: 4/20   Date: 4/1/2008 10:36:25 AM

March 25, 2008 Jefferson County

NUMBER: ...........   March 25, 2008

Received of PAUL G. TAYLOR   $145.00

The exact sum of One Hundred Forty Five Dollars and No Cents

Plaintiff: JOSETTA GLADNEY, ET AL. C/O PAUL G. TAYLOR
Defendant: ABLC GROUP, INC. ET AL. C/O CHRISTOPHER E. STEVENS

Payment type: Check   Check# 1534

Case number: 08-C-116

Transaction conducted at:   PATRICIA NOLAND, CIRCUIT CLERK

JEFFERSON COUNTY
CHARLES TOWN   WV   25414   Deputy

DISTRIBUTION OF FUNDS....
  #001 CLERKS FEES - OTHER       20.00    #005 FJA - CIVIL ($60 CIV)    60.00
  #008 CSF - CIVIL ($5)           5.00    #016 IV CIVIL LEGAL SERVI     10.00
  #017 CFIM ($25-FUND) $10-      30.00    #018 FJO PARTIAL REIMBURS     20.00

## CIVIL CASE INFORMATION STATEMENT
## CIVIL CASES
(Other than Domestic Relations)

RECEIVED
MAR 25 2008
JEFFERSON COUNTY
CIRCUIT COURT

In the Circuit Court, Jefferson County, West Virginia

### I. CASE STYLE

**Plaintiff(s)**

Case # 08-C-111b
Judge: [signature]

JOSETTA GLADNEY
c/o PAUL G. TAYLOR, ESQUIRE
134 WEST BURKE STREET
MARTINSBURG, WV 25401

CHERYL WILFONG
c/o PAUL G. TAYLOR, ESQUIRE
134 WEST BURKE STREET
MARTINSBURG, WV 2540

RUTH JOHNSON
c/o PAUL G. TAYLOR, ESQUIRE
134 WEST BURKE STREET
MARTINSBURG, WV 25401

AMY CAWTHORN
c/o PAUL G. TAYLOR, ESQUIRE
134 WEST BURKE STREET
MARTINSBURG, WV 25401

DAVID McCAULEY
c/o PAUL G. TAYLOR, ESQUIRE
134 WEST BURKE STREET
MARTINSBURG, WV 25401

<u>individually and as Class Representatives</u>

**VS.**

**DEFENDANT(s)**

AB&C GROUP, INC.
c/o CHRISTOPHER E. STEVENS
1 EXECUTIVE WAY
RANSON, WV 25438

**Days to Answer**     **Type of Service**

30     SECRETARY OF STATE

Summons y complnt retrnd to attrny for. press 3/25/08 BG AB,C

RELIANT EQUITY INVESTORS, LLC
c/o NATIONAL REGISTERED AGENTS, INC.
160 GREENTREE DRIVE, SUITE 101
DOVER, DE 19904

30     SECRETARY OF STATE
*Smmns & complt retrnd to attry Rel.QutlyInv. 3/25/08 so*

BLUESKY BRANDS, INC.
c/o CORPORATION SERVICE COMPANY
2711 CENTERVILLE ROAD, SUITE 400
WILMINGTON, DE 19808

30     SECRETARY OF STATE
*Smmns complt retrnd to attry Bluesky 3/25/08 so*

ROBERT PULCIANI
89 TOM HARVEY ROAD
WESTERLY, RI 02891

30     CERTIFIED MAIL / RETURN RECEIPT REQ.
*Smmns & complt retrnd to attr for prcss R.Pulciani 3/25/08 so*

PHILIP WAX
89 TOM HARVEY ROAD
WESTERLY, RI 02891

30     CERTIFIED MAIL / RETURN RECEIPT REQ.
*Smmns & complt retrnd to attry for prcss P.Wax 3/25/08*

CHRISTOPHER STEVENS
1 EXECUTIVE WAY
RANSON, WV 25438

20     PRIVATE PROCESS
*Smmns & complt retrnd to attry for prcss C.Stevens 3/25/08*

CARR PRESTON
401 NORTH MICHIGAN AVENUE, SUITE 550
CHICAGO, IL 60611

30     CERTIFIED MAIL / RETURN RECEIPT REQ.
*Smmns & complnt retrnd to attry for prcss C.Preston 3/25/08*

QIAN ELMORE
401 NORTH MICHIGAN AVENUE, SUITE 550
CHICAGO, IL 60611

30     CERTIFIED MAIL / RETURN RECEIPT REQ.
*Smmns & complt retrnd to attry for prcss Q.Elmore 3/25/08*

THOMAS DARDEN, JR.
89 TOM HARVEY ROAD
WESTERLY, RI 02891

30     CERTIFIED MAIL / RETURN RECEIPT REQ.
*Smmns & complt retrnd to attry for prcss T.Darden, Jr. 3/25/08 so*

LARRY MORGAN
8900 WESTPARK DRIVE, SUITE 100
McLEAN, VA 22102

30     CERTIFIED MAIL / RETURN RECEIPT REQ.
*Smmns & complt retrnd to attry for prcss L.Morgan 3/25/08*

CATHY JO VAN PELT
1 EXECUTIVE WAY
RANSON, WV 25438

20     PRIVATE PROCESS
*Smmns & complt retrnd to attrny for prcss C.Jo Van Pelt 3/25/08*

KIMBERLY MYERS
8400 WESTPARK DRIVE, SUITE 100
McLEAN, VA 22102

30     CERTIFIED MAIL / RETURN RECEIPT REQ.
*Smmns & complt retrnd to attrny for prcss K.Myers*

Original and 15 copies of complaint furnished herewith

March 25, 2008  Jefferson County          From: 304      To: 2630739      Page: 3/20     Date: 4/1/2008 10:36:25 AM

---

**PLAINTIFF(S):** Josetta Gladney, Cheryl Wilfong, Ruth Johnson, Amy Cawthorn, and David McCauley individually and as Class Representatives

**CASE NUMBER:** 08-C-116

**DEFENDANT(S):** AB&C Group, Inc., Reliant Equity Investors, LLC, BlueSky Brands, Inc., Robert Pulciani, Philip Wax, Christopher Stevens, Carr Preston, Qian Elmore, Thomas Darden, Jr., Larry Morgan, Cathy Jo Van Pelt, and Kimberly Myers

---

**TYPE OF CASE:**

- ☐ General Civil
- ☐ Adoption
- ☐ Mass Litigation (As defined in TCR Rule XIX(c))
- ☐ Administrative Agency Appeal
- ☐ Asbestos
- ☐ Carpal Tunnel Syndrome
- ☐ Civil Appeal from Magistrate Court
- ☐ Diet Drug
- ☐ Miscellaneous Civil Petition
- ☐ Environmental
- ☐ Industrial Hearing Loss
- ☐ Mental Hygiene
- ☐ Silicone Implants
- ☐ Other: _____
- ☐ Guardianship
- ☐ Medical Malpractice
- ☐ Habeas Corpus/Other Extraordinary Writ
- X  W. Va. Wage Payment and Collection Act
- ☐ Other: _____

---

III  **JURY DEMAND:**   X Yes   ☐ No

CASE WILL BE READY FOR TRIAL BY (Month/Year) __April__ / __2009__

---

IV  **DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS DUE TO A DISABILITY?**

☐ YES   X NO

- ☐ Wheelchair accessible hearing room and other facilities
- ☐ Interpreter or other auxiliary aid for the hearing impaired
- ☐ Reader or other auxiliary aid for the visually impaired
- ☐ Spokesperson or other auxiliary aid for the speech impaired
- ☐ Other: _____

---

Attorney: Paul G. Taylor
Firm: Law Offices of Paul G. Taylor, PLLC
Address: 134 W. Burke Street
Martinsburg WV 25401
Telephone: (304) 263-7900
Dated: 3/25/08

Representing:
X Plaintiff   ☐ Defendant
☐ Cross-Complainant   ☐ Cross-Defendant

Signature: Paul G. Taylor

☐ Proceeding Without an Attorney

This fax was sent with GFI FAXmaker fax server. For more information, visit http://www.gfi.com